**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **MATTHEW ALWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 5:26-00301** |
| | ) | |
| **FCI BECKLEY WARDEN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 28, 2026, Plaintiff, acting *pro se* and incarcerated at FCI Beckley, filed his Complaint seeking entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) As Defendants, Plaintiff names the following: (1) FCI Beckley Warden; (2) Counselor Manning; (3) Case Manager Lilly; and (4) Unit Manager Harvey. (Id., p. 1.) Plaintiff argues that Defendants have caused his "unlawful incarceration" in violation of the Eighth Amendment, First Step Act ("FSA"), and the Second Chance Act. (Id.) In support, Plaintiff states he "submits this [claim] for unlawful incarceration [because] his maximum date by law to be held, pursuant to the FSA conditional release date and Second Chance Act, was April 15, 2026." (Id.) Plaintiff, therefore, asserts that every day he is incarcerated after April 15, 2026, constitutes over-detention. (Id.) As relief, Plaintiff requests monetary damages. (Id.)

By Order entered on April 30, 2026, the undersigned directed Plaintiff to either file an

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Application to Proceed Without Prepayment of Fees and Costs or pay the filing and administrative fee totaling $405.00. (Document No. 3.) On May 18, 2026, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs. (Document No. 4.)

**STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, 590 U.S. 595, 140 S.Ct. 1721, 1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); also see Harris v. City of New York, 607 F.3d 18, 21 – 22 (2nd Cir. 2010)(finding that Section 1915(g) applies even though plaintiff was subsequently released from prison because plaintiff was a prisoner at the time he "brought" the action). A prisoner accrues a strike for any action dismissed on one of the three grounds set forth in Section 1915(g), regardless of whether the dismissal is with or without prejudice. Lomax, 590 U.S. at 598-99, 140 S.Ct. at 1724-25. The entire action, meaning all claims, must be dismissed for one of the specified grounds in order to qualify as a "strike." Tolbert v. Stevenson, 635 F.3d 646, 651 (4th Cir. 2011). A routine dismissal based on a prisoner's failure to exhaust his administrative remedies does not qualify as a strike. Green v. Young, 454 F.3d 405, 410 (4th Cir. 2006).

In the instant case, there is no question that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). See Alward v. Rieck, 2025 WL 2023002 (E.D. Mich. July 18, 2025)(dismissal of a Section 1983 action for failure to state a claim upon which relief may be granted based on *Heck*);[2] Alward v. Rieck, 2025 WL 1342739 (W.D. Mich. May 8, 2025)(dismissal of Section 1983 action for failure to state a claim upon which relief may be granted based on *Heck*); Alward v. Noon, 2024 WL 4584030 (M.D.Penn. Oct. 25, 2024)(dismissal of *Bivens* action for failure to state a claim upon which relief may be granted); Alward v. FBOP, 2024 WL 4536454 (M.D.Penn. Oct. 21, 2024)(dismissal of *Bivens* action for failure to state a claim

[2] The Fourth Circuit has recognized that *Heck* dismissals count as strikes under the PLRA. *Brunson v. Stein*, 116 F.4th 301 (4th Cir. September 16, 2024).

upon which relief may be granted); Alward v. Greene, 2024 WL 4270367 (M.D.Penn. Sep. 23, 2024)(dismissal of *Bivens* action for failure to state a claim upon which relief may be granted); Alward v. Newell, 2024 WL 3849913 (N.D.Oh. Aug. 16, 2024)(dismissal of *Bivens* action for failure to state a claim upon which relief may be granted). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx. 270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id. A review of Plaintiff's Complaint pursuant to Section 1915(g) reveals that Plaintiff should not be granted *in forma pauperis* status because Plaintiff has not demonstrated an imminent danger of serious physical injury. Plaintiff's Complaint is completely void of any allegations of imminent danger of serious physical injury. Plaintiff merely asserts that he is being subjected to over-detention due to the Defendants' incorrect application of the FSA and the Second

Chance Act. (Document No. 1.) Furthermore, conclusory and speculative allegations simply do not demonstrate a serious physical injury, or a threat of serious physical injury. The undersigned, therefore, finds that Plaintiff's Complaint contains no allegations of imminent danger of serious physical injury. See Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022)("[T]he exception is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury *at the time of the filing*.")(emphasis added). Based upon the foregoing, the undersigned finds that Plaintiff's *in forma pauperis* status should be denied because Plaintiff has failed to demonstrate that he was in imminent danger of serious physical injury at the time of filing.[3]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 4), **DISMISS** Plaintiff's Complaint (Document No. 1) without prejudice pursuant to 28 U.S.C. § 1915(g), and **REMOVE** this matter from the Court's docket.

[3] Notwithstanding the foregoing, the undersigned further finds that Plaintiff has failed to state a cognizable claim. Liberally construing Plaintiff's Complaint, Plaintiff argues he is being subjected to over-detention in violation of his Fifth and Eighth Amendment rights. (*See* Document No. 1) Such a claim, however, constitutes an improper extension of *Bivens*. *See Shade v. Bureau of Prisons*, 2024 WL 4603246 (S.D.W.Va. Oct. 29, 2024)(J. Faber); also *see Cook v. Peters*, 2024 WL 778134, * 3 (N.D.Ohio Feb. 26, 2024)(finding no private cause of action arises under the FSA and CARES Act, and it would be improper to extend *Bivens* to include a constitutional claim for over-detention); *Cochran v. United States*, 2025 WL 2418541 (D. Md. Aug. 21, 2025)(finding that Plaintiff's Fifth and Eighth Amendment claim of "over-detention" was not cognizable under *Bivens*). Additionally, the Fourth Circuit recently held "that a prisoner claiming rights to FSA time credits cannot show that he has a statutory entitlement to those credits." *See White v. Warden*, 164 F.4th 326, 334 (4th Cir. 2026). Thus, the Fourth Circuit has joined the Second, Fifth, and Sixth Circuits in holding that inmates do not have a protected liberty interest in FSA time credits. *Id.*; *also see Vargas v. Rivers*, 2025 WL 1380067, * 1 (5th Cir. May 13, 2025)(per curiam)(finding that inmates have "no fundamental liberty interest in either participation in [qualifying programming] or the incentives associated with that voluntary participation, including the ability to earn FSA time credits"); *Sedlacek v. Rardin*, 2025 WL 948485, * 1 (6th Cir. Jan. 21, 2025)(Since "the FSA earned-time credits are conditional [on the inmate's participation in qualifying programs], they do not create a protected liberty interest"); *Cheng v. United States*, 132 F.4th 655, 659 (2nd Cir. 2025)(per curiam)(finding no protected liberty interest in the award of credits under the FSA).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 10, 2026.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

Omar J. Aboulhosn
United States Magistrate Judge